UTICA,
Aug. 1826.

Dickenson
v.
Jackson.

</div>

<div align="center">

Judgment for the plaintiff.

</div>

---

## V. DICKENSON *against* JACKSON, *ex dem.* CALDWELL. (*a*)

ON error from the *Warren* common pleas. The action in the court below was ejectment on the demise of *Caldwell* against *Dickenson ;* tried in the court below at its *January* term, 1823. The declaration was returnable at its *May* term, 1821. It contained but one count, and one demise, which was laid on the *8th* of *September*, 1817.

At the trial, the plaintiff below claimed to recover the premises in question under a mortgage of them, dated the *8th* of *September*, 1817, (the day of the demise,) executed by one *G. Dickenson*, to the lessor of the plaintiff. *G. Dickenson*, before the commencement of the ejectment, conveyed the premises in question to the defendant below by deed, in fee simple absolute, without any allusion to the mortgage. This deed was dated *July 5th*, 1819 ; and on the same day, the defendant below entered and took possession under the deed.

The amount secured by the mortgage was $400, payable on or before the *8th* of *September*, 1821, with interest on the *8th* day of *September* in each and every intervening year. One year's interest, and no more, had been paid by *G. Dickenson ;* and none of the principal, when the suit was commenced.

The above facts were mutually admitted on the trial.

The defendant below objected to the plaintiff's recovery, and moved for a nonsuit, on the ground that he had shewn neither a right of entry in himself, nor possession of the defendant below, on the day of the demise laid in the declaration ; nor any notice to quit.

<div align="right">

The demise in a declaration in ejectment, must be laid as of a day subsequent to that when the lessor's right of entry accrued. In ejectment by the mortgagee against the mortgagor, or those claiming under him, the demise must be laid as of a day subsequent to a default in payment; and subsequent to a dissolution of the tenancy, by notice to quit, or otherwise.

</div>

(*a*) This cause was decided at a previous term.

UTICA,
Aug. 1826.

Dickenson
v.
Jackson.

The objection and motion were overruled by the court below ; and the defendant excepted.

The verdict and judgment being for the plaintiff below, the cause now came here by writ of error on the record and bill of exceptions.

*W. Hay*, jun. for the plaintiff in error.    The plaintiff below was bound to show a complete right of possession *prior* to the day of the demise.    (*Jackson* v. *Wheeler*, 6 *John*. 272.)    The demise should always be laid subsequent to the day when the right of entry accrued.   (*Runn. on Eject*. 87.    2 *Chit. Pl*. 444, *note*.    *Wheat. Selw*. 553, 534.)    The reason is, because the law rejects fractions of a day.    (2 *Bl. Com*. 41.)

The demise should have been subsequent to the forfeiture.    In ejectment on a mortgage, it is always deemed material to shew the money due, in order to establish the right of entry.    (*Jackson* v. *Fuller*, 4 *John*. 215.    *Jackson* v. *Hopkins*, 18 *id*. 487.    *Jackson* v. *Dubois*, 4 *id*. 221.    *Jackson* v. *Hill*, 10 *id*. 482.    *Peterson* v. *Clark*, 15 *id*. 205.    *Jackson* v. *Bronson*, 19 *id*. 325.    *Ives* v. *Ives*, 13 *id*. 235.    *Runyan* v. *Mersereau*, 11 *id*. 534.    *Peterson* v. *Clark*, 15 *id*. 205.    *Ives* v. *Clark*, 20 *id*. 61.) In all these cases, the money being due is treated as a material fact.

One year's interest is received.    By allowing the mortgagee to lay his demise at the date of the mortgage, we allow him to collect mesne profits from that time.    (*Jackson* v. *Randall*, 11 *John*. 405.    *Benson* v. *Matsdorf*, 2 *id*. 369.    *Van Alen* v. *Rogers*, 1 *John. Cas*. 281.)

[The counsel took other grounds ; but as the decision turned on the day of the demise, it is not material to pursue the argument farther.]

To shew the power, and duty of the court below to nonsuit, he cited *Foot* v. *Sabin*, (19 *John*. 154.)

*S. C. Baldwin*, contra.    The English common law doctrine places the legal estate in the mortgagee.    (*Moss* v. *Gallimore*, *Doug*. 279.    2 *Bl. Com*. 159.)    The mort-

gagor in possession is considered the lessee of the mortgagee. (*Runyan* v. *Mersereau,* 11 *John.* 534, citing the *King* v. *St. Michaels, Doug.* 630, 632.) The English rule has been fully adopted by this court. (*Johnson* v. *Hart,* 3 *John. Cas.* 326. *Jackson* v. *Dubois,* 4 *John. Rep.* 216. *Hitchcock* v. *Harrington,* 6 *id.* 290. *Jackson* v. *Hopkins,* 18 *id.* 488.) The only question is, when does the legal estate commence? Common sense would say, when it passes to the mortgagee. At that time the right of entry and possession commence. As between third persons, perhaps the title may be differently regarded; but all the authorities agree, that, as between mortgagor and those claiming under him, and mortgagee, the legal title, and present right of entry are in the latter.

*Curia, per* SAVAGE, Ch. Justice. The rule is well established, that the demise in the declaration must be laid after the lessor's title and right of entry accrue. (6 *John.* 273.) This rule is not disputed; but the question is, when did the lessor's right of entry accrue in the case before us? This is the only real question in the cause; as the defendant, having taken an absolute conveyance, not acknowledging the mortgage, was not entitled to notice to quit; the sale itself being an act of disloyalty. (18 *John.* 488.)

"It has repeatedly been decided in this court, that, as between the mortgagor and mortgagee, the former is to be regarded as a tenant at will by implication, and is entitled to notice (by which is meant six months notice) to quit." (18 *John.* 488.) The mortgagor is entitled to the possession; and, so far from being treated as a trespasser before notice to quit, this court has held that he may maintain trespass against the mortgagee. (11 *John.* 538.) And in *Jackson* v. *Bronson,* (19 *John.* 326,) it was decided that the mortgagor might maintain ejectment against the grantee of the mortgagee, who was not also assignee of the debt.

In *Goodtitle* v. *Herbert,* (4 *T. R.* 680,) it was decided that a tenant at will was not a trespasser. In that case, the

demise was laid the 1*st* of *October*, and the demand of possession, which was tantamount to notice to quit, was made on the 5*th* of the same month. The demand in that case terminated the tenancy, which, not being until after the day of the demise in the declaration, the defendant had judgment.

The mortgagor, in this case, was *quasi* tenant at will; and had he continued in possession, that tenancy must have been terminated by a notice to quit. And until such termination, the mortgagee had no right of entry. The mortgagor, however, chose to terminate the tenancy on the 5*th* of *July*, 1819, by giving a conveyance in fee absolutely. The first default happened on the 8*th* of *September*, 1819. Then the mortgagee's right of entry accrued; the tenancy having been previously terminated. But the demise was laid long anterior, to wit, at the date of the mortgage, before the lessor had any right of entry; the mortgage then being a mere chattel, a security for money. To give the mortgagee a right of entry, two things are necessary; 1. default of payment, in whole or in part; 2. a termination of the tenancy: neither of which had happened at the time of the demise, as laid in the declaration.

The plaintiff below had no right to recover. The court below, therefore, erred.. The judgment must be reversed; and a venire *de novo* awarded from *Warren* common pleas.

<div align="right">Judgment reversed.</div>